O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE DePOULD, an individual, | ) Case No. CV 11-01827 DDP (PJWx) |
| Plaintiff, | ) **ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |
| v. | ) |
| WELLS FARGO BANK, N.A., WACHOVIA MORTGAGE, WORLD SAVINGS BANK. F.S.B., NDEX WEST, LLC, | ) [Motion filed on 5/30/11] |
| Defendants. | ) |

Presently before the court is Plaintiff's Ex Parte Application for a Temporary Restraining Order ("TRO"). Having considered the papers submitted by the parties and heard oral argument, the court DENIES the application and adopts the following order.

**I. Background**

In 2007, Plaintiff obtained a mortgage loan, secured by her principal residence. (First Amended Complaint ("FAC") ¶ 10). Wells Fargo later obtained the First Trust Deed on Plaintiff's property. (Id.)

///

Plaintiff could not afford the loan, and her account became delinquent. (FAC ¶¶ 11,15). On or about June 2010, Plaintiff contacted Wells Fargo and requested a loan modification. (FAC ¶ 16). On June 6, 2010, Wells Fargo requested additional information from Plaintiff so that Wells Fargo could evaluate Plaintiff under the Making Homes Affordable Program ("HAMP"). (FAC ¶ 17).

Between June 11, 2010 and October 23, 2010, Plaintiff spoke with Wells Fargo representatives over a dozen times. (FAC ¶¶ 18-35). Wells Fargo repeatedly informed Plaintiff that Wells Fargo required additional documentation, including IRS Form 4506-T. (FAC ¶¶ 19, 22, 30). Plaintiff first provided Form 4506-T on August 24, 2010. (FAC ¶ 24). Plaintiff again provided Form 4506-T, at Wells Fargo's request, on or about September 10, 2010. (FAC ¶ 24). Wells Fargo requested an updated Form 4506-T on September 16, 2010. (FAC ¶ 25). Plaintiff faxed the document to Wells Fargo on September 27, 2010. (FAC ¶ 31). On October 21, 2010, Wells Fargo informed Plaintiff that no additional documents were required at that time. (FAC ¶ 34).

Between November 1, 2010 and March 29, 2011, Wells Fargo repeatedly informed Plaintiff that her modification request had not been resolved because of problems with her Form 4506-T. (FAC ¶ 37). On March 29, 2011, Plaintiff filed a First Amended Complaint for negligence and unfair business practices, alleging that she has been harmed by Wells Fargo's failure to act on her modification request. (FAC ¶ 44).

Plaintiff applied for a TRO on March 30, 2011 seeking to enjoin Defendants from proceeding with a foreclosure sale of Plaintiff's home scheduled for June 2, 2011. The foreclosure sale

was subsequently postponed until June 9, 2011. The court heard oral argument on Plaintiff's TRO application on June 6, 2011.

**II. Discussion**

A temporary restraining order is meant to be used only in extraordinary circumstances. To establish entitlement to a TRO, the requesting party must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. Winter v. Natural Res. Defense Counsel, 129 S.Ct. 365, 374 (2008). A TRO may be warranted where a party (1) shows a combination of probable success on the merits and the possibility of irreparable harm, or (2) raises serious questions and the balance of hardships tips in favor of a TRO. See Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Id. Under both formulations, however, the party must demonstrate a "fair chance of success on the merits" and a "significant threat of irreparable injury."[1] Id.

Here, Plaintiff has not adequately demonstrated that the balance of equities tips in her favor, or that an injunction would be in the public interest. Plaintiff has not made any payments on

---

[1] Even under the "serious interests" sliding scale test, a plaintiff must satisfy the four Winter factors and demonstrate "that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

her loan for the last eighteen months, and has not demonstrated that, even if injunctive relief were to be granted, she would be able to make payments of any sort. (Defendant's Opposition at 1). Plaintiff points to no authority establishing her right to a loan modification, but appears to be seeking a TRO so that Defendant can conduct a "thorough review" for a loan modification. (Application at 5-6). Plaintiff's loan modification request, however, was denied on March 7, 2011, almost three months prior to her ex parte application for a TRO. (Opp. at 1.)

Furthermore, to the extent that Plaintiff is challenging the foreclosure sale, she has failed to comply with the tender requirement. "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." Alicea v. GE Money Bank, 2009 WL 2136969 *3 (N.D. Cal. 2009). The tender requirement spares courts from being called upon to "order a useless act performed" in cases where plaintiffs would be unable, even under proper sale procedures, to redeem a property. FPCI RE-HAB 01 v. E & G Investments, Ltd., 207 Cal.App.3d 1018, 1021-22 (1989).

In sum, the balance of equities does not tip in Plaintiff's favor. Injunctive relief would not advance the public interest, and would not allow Plaintiff to successfully redeem her property. Accordingly, Plaintiff's Application for a TRO is DENIED.

IT IS SO ORDERED.

Dated: June 9, 2011

DEAN D. PREGERSON
United States District Judge

4