O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DIANE DePOULD, an individual, | ) ) | Case No. CV 11-01827 DDP (PJWx) |
| Plaintiff, | ) ) ) | **ORDER GRANTING MOTION TO DISMISS** |
| v. | ) ) | |
| WELLS FARGO BANK, N.A., WACHOVIA MORTGAGE, WORLD SAVINGS BANK. F.S.B., NDEX WEST, LLC, | ) ) ) ) ) | [Motion filed on 4/18/11] |
| Defendants. | ) ) ) | |
| _____ | ) | |

Presently before the court is Defendant Wells Fargo Bank, N.A. ("Wells Fargo")'s Motion to Dismiss First Amended Complaint. Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following order.

**I.   Background**

In 2007, Plaintiff obtained a mortgage loan, secured by her principal residence. (First Amended Complaint ("FAC") ¶ 10). Wells Fargo later obtained the First Trust Deed on Plaintiff's property. (Id.)

1    Plaintiff could not afford the loan, and her account became
2    delinquent.  (FAC ¶¶ 11,15).  On or about June 2010, Plaintiff
3    contacted Wells Fargo and requested a loan modification.  (FAC ¶
4    16).  On June 6, 2010, Wells Fargo requested additional information
5    from Plaintiff so that Wells Fargo could evaluate Plaintiff under
6    the Making Homes Affordable Program ("HAMP").  (FAC ¶ 17).

7        Between June 11, 2010 and October 23, 2010, Plaintiff spoke
8    with Wells Fargo representatives over a dozen times.  (FAC ¶¶ 18-
9    35).  Wells Fargo repeatedly informed Plaintiff that Wells Fargo
10   required additional documentation, including IRS Form 4506-T.  (FAC
11   ¶¶ 19, 22, 30).  Plaintiff first provided Form 4506-T on August 24,
12   2010.  (FAC ¶ 24).  Plaintiff again provided Form 4506-T, at Wells
13   Fargo's request, on or about September 10, 2010.  (FAC ¶ 24).
14   Wells Fargo requested an updated Form 4506-T on September 16, 2010.
15   (FAC ¶ 25).  Plaintiff faxed the document to Wells Fargo on
16   September 27, 2010.  (FAC ¶ 31).  On October 21, 2010, Wells Fargo
17   informed Plaintiff that no additional documents were required at
18   that time.  (FAC ¶ 34).

19       Between November 1, 2010 and March 29, 2011, Wells Fargo
20   repeatedly informed Plaintiff that her modification request had not
21   been resolved because of problems with her Form 4506-T.  (FAC ¶
22   37).  On March 29, 2011, Plaintiff filed a First Amended Complaint
23   for negligence and unfair business practices, alleging that she has
24   been harmed by Wells Fargo's failure to act on her modification
25   request.  (FAC ¶ 44).  Wells Fargo now moves to dismiss the First
26   Amended Complaint.

27   **II.  Legal Standard**

28

1    A complaint will survive a motion to dismiss when it
2  "contain[s] sufficient factual matter, accepted as true, to state a
3  claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>,
4  129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>,
5  550 U.S. 544, 570 (2007)).  When considering a Rule 12(b)(6)
6  motion, a court must "accept as true all allegations of material
7  fact and must construe those facts in the light most favorable to
8  the plaintiff." <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir.
9  2000).  Although a complaint need not include "detailed factual
10  allegations," it must offer "more than an unadorned,
11  the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 129 S. Ct.
12  at 1949.  Conclusory allegations or allegations that are no more
13  than a statement of a legal conclusion "are not entitled to the
14  assumption of truth." <u>Id</u>. at 1950. In other words, a pleading that
15  merely offers "labels and conclusions," a "formulaic recitation of
16  the elements," or "naked assertions" will not be sufficient to
17  state a claim upon which relief can be granted. <u>Id</u>. at 1949
18  (citations and internal quotation marks omitted).
19    "When there are well-pleaded factual allegations, a court should
20  assume their veracity and then determine whether they plausibly
21  give rise to an entitlement of relief." <u>Id</u>. at 1950. Plaintiffs
22  must allege "plausible grounds to infer" that their claims rise
23  "above the speculative level." <u>Twombly</u>, 550 U.S. at 555-56.
24  "Determining whether a complaint states a plausible claim for
25  relief" is "a context-specific task that requires the reviewing
26  court to draw on its judicial experience and common sense." <u>Iqbal</u>,
27  129 S. Ct. at 1950.
28  **III. Discussion**

3

1    Wells Fargo argues that Plaintiff's claims are preempted by
2  the Home Owners Loan Act ("HOLA"). (Mot. at 6).  In accordance
3  with its authority under HOLA, the Office of Thrift Supervision
4  promulgated a preemption regulation, 12 C.F.R. § 560.2.  Section
5  560.2 explicitly "occupies the entire field of lending regulation
6  for federal savings associations." 12 C.F.R. § 560.2(a).  Federal
7  regulations do not, however, preempt "basic state laws" such as
8  uniform commercial codes, contract, or tort laws that "only
9  incidentally" affect lending operations.  Harris v. Wachovia
10 Mortgage, FSB, 185 Cal.App.4th 1018, 1025-1026 (2010).  As the
11 Ninth Circuit has explained, "[w]hen analyzing the status of state
12 laws under § 560.2, the first step will be to determine whether the
13 type of law in question is listed in paragraph (b).  If so, the
14 analysis will end there; the law is preempted." Silvas v. E*Trade
15 Mortgage Corp., 514 F.3d 1001, 1005 (9th Cir. 2008).
16    Here, Plaintiffs claims are based on Wells Fargo's failure to
17 properly process her application for a loan modification.  These
18 claims fall squarely within paragraph (b) of Section 560.2.
19 Section 560.2(b)(4) applies to requirements regarding "[t]he terms
20 of credit, including amortization of loans and the deferral and
21 capitalization of interest and adjustments to the interest rate,
22 balance, payments due, or term to maturity of the loan . . . ." 12
23 C.F.R. § 560.2(b)(4).  Plaintiff seeks a determination regarding
24 the very adjustments listed in paragraph (b)(4).  Furthermore,
25 Section 560.2(b)(10) references regulation of the "processing,
26 origination, or servicing" of mortgages.  12 C.F.R. § 560.2(b)(10).
27 Plaintiff's claims regarding Wells Fargo's improper processing of
28 her application for a modification of loan terms have more than an

1  "incidental effect" on lending operations, and are preempted by 12

2  C.F.R. § 560.2.[1]    See also Zarif v. Wells Fargo Bank, NA, 2011 WL

3  1085660 (S.D. Cal. 2011)(dismissing claims based on loan

4  modification as preempted); c.f. Ahmed v. Wells Fargo Bank & Co.,

5  2011 WL 1751415 (N.D. Cal. 2011) (distinguishing claims based on

6  fraudulent misrepresentation that a loan modification would be

7  approved from "processing, origination, and servicing" claims).

8  **IV.   Conclusion**

9       For the reasons stated above, Wells Fargo's Motion to Dismiss

10  is GRANTED.

11

12

13  IT IS SO ORDERED.

14

15

16  Dated: September 27, 2011

17                                        DEAN D. PREGERSON
                                          United States District Judge

18

19

20

21

22

23

24

25

26

27       [1] Having concluded that Plaintiff's claims are preempted, the
28  court does not address the merits of Plaintiff's negligence and
    unfair business practices claims.